UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

FREDERICK W REPETSKY, JR.     NO. 21-13289 AMC
KIMBERLY L REPETSKY      CHAPTER 13

*STIPULATION IN RESOLUTION OF MOTION OF CAB EAST LLC/ FORD MOTOR
CREDIT COMPANY LLC FOR RELIEF FROM STAY
RE: 2019 FORD VEHICLE [DOCUMENT NO. 16]*

  The parties, by counsel, stipulate as follows and request the same be made an Order of Court:

  1. CAB East LLC by servicer Ford Motor Credit Company LLC (together, "Ford Credit") is owner and lessor to Debtors of a 2019 Ford F150 [VIN…91188] motor vehicle ("Vehicle") pursuant to the terms of a Motor Vehicle Lease Agreement dated March 18, 2019 ("Lease").

  2. Debtors assume the Lease and shall continue to maintain casualty and comprehensive insurance on the vehicle with Ford Credit named as loss payee, and as additional insured as required by the Lease and provide proof thereof. The Lease terminates by its terms June 18, 2022 at which time the automatic stay terminates or, exercise a purchase option in accordance with Lease terms.

  3. As of March 1, 2022, the Lease account is due $1500.00 (for December 17, 2021, through February 17, 2022) plus $188.00 for reimbursement for the Motion for Relief filing fee. Regular monthly Lease payments are $500.00.

  4. Debtors shall, within ten days of signing this Stipulation pay Ford Credit $688.00, which pays the December, 2021 payment plus the filing fee.

  5. Commencing with the payments due March 17, 2022, Debtors shall pay, in addition to the regular monthly installment of $500.00, the sum of $333.33 for three consecutive months in order to bring the account fully current. Thus, for the months of March, April, May, 2022, Debtors shall pay to Ford Credit, the sum of $833.33 per month; the thereafter, only the regular monthly payment in accordance with Lease terms.

6.  In the event Debtor fails to make any payment when due or fails to provide proof of appropriate insurance, then Lincoln Financial shall send written notice of the default by first class mail to Debtor's counsel as well as to Debtor addressed to 614 Iva Lane, Fairless Hills, PA 19030. If the default relates to the failure to have insurance and the same is not cured within ten (10) days from the date of the notice, then Ford Credit may certify the default to the Court to obtain an immediately effective [with waiver of F.R.B.P. 4001(a)(3)] relief from stay order to enforce its *in rem* rights as to the Vehicle, without need of further Court hearing. If the default relates to the payment of money, then the Motion for Relief from Automatic Stay may be relisted for hearing upon the filing of a Praecipe only.

This may be signed in counterparts, electronically and/or by facsimile.

_____
Howard Gershman, Esquire
610 York Road, Ste. 200
Jenkintown, PA 19046
howard@gershman-law.com
Fax: 215 886 1118
Tel: 215.886.1120

_____
Brad J. Sadek, Esquire
Sadek & Cooper
1315 Walnut Street, Ste. 502
Philadelphia, PA 19107
brad@sadeklaw.com

NO OBJECTION/NO POSITION:

/s/ Ann E. Swartz for
_____
SCOTT WATERMAN, TRUSTEE

per email 3/8/22

**FORD**
www.fordcredit.com

"Finance Company" is FORD MOTOR CREDIT COMPANY, the "Holder" is CAB EAST LLC, and its assigns. By signing "You" (Lessee and Co-Lessee) agree to lease this Vehicle according to the terms on the front and back of this lease and the terms of the Wear Care Addendum, if any, attached to this lease.

II Your payment schedule is shown in Item 2(a), You entered into a "Monthly Payment Lease".
II Your payment schedule is shown in Item 2(b), You entered into an "Advance Payment Lease".

| New/Used | Mileage at Delivery | Year/Make/Model | Vehicle Identification Number | Vehicle Use |
|---|---|---|---|---|
| NEW | 10 | 2017 FORD TRUCK F-150 SERIES | 1FTEW1EP6KFA91168 | PERSONAL |

**1. Amount Due At Lease Signing or Delivery (Itemized Below)** $ 1750.00

**2. Payments**
(a) Monthly Payments:
Your first monthly payment of $ 500.00 is due on 03/16/2017, followed by 35 payments of $ 500.00 due on the 17th day of each month. The total of Your monthly payments is $ 19500.00

(b) Advance Payment
Your Payment of $ N/A is due on N/A
The total of Your payment is $ N/A

**3. Other Charges** (not part of Your monthly payment)
Disposition fee (if You do not purchase the Vehicle) $ 395.00
N/A   N/A
Total $ 395.00

**4. Total of Payments** (The amount You will have paid by the end of the lease)
$ 21145.00

* **Itemization of Amount Due at Lease Signing or Delivery**

5. Amounts Due At Lease Signing or Delivery:
a. Capitalized cost reduction $ 867.03
b. First monthly payment 500.00
c. Advance payment N/A
d. Refundable security deposit N/A
e. Title fees 53.00
f. Registration fees 91.00
g. Acquisition fee N/A
h. LIEN FEE 25.00
i. TIRE FEE 5.00
j. TEMP TAG 28.00
k. REG/TRIVIN 16.97
l. DOC FEE 146.00
m. N/A N/A
Total $ 1750.00

6. How the Amount Due At Lease Signing or Delivery will be paid:
a. Net trade in allowance $ N/A
b. Rebates and noncash credits 1750.00
c. Amount to be paid in cash N/A
d. N/A N/A
Total $ 1750.00

**7. Your payment is determined as shown below:**

a. Gross capitalized cost. The agreed upon value of the Vehicle ($ 45316.32) and any items You pay over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance). (Itemized below - Item 19) ** $ 45961.32

b. Capitalized cost reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash that You pay that reduces the gross capitalized cost 867.03

c. Adjusted capitalized cost. The amount used in calculating Your base payment = 45274.29

d. Residual value. The value of the Vehicle at the end of the lease used in calculating Your base payment − 30349.60

e. Depreciation and any amortized amounts. The amounts charged for the Vehicle's decline in value through normal use and for other items paid over the lease term 14724.69

f. Rent charge. The amount charged in addition to the depreciation and any amortized amounts + 3042.86

g. Total of base payments. The depreciation and any amortized amounts plus the rent charge = 17967.55

h. Lease payments. The number of payments in Your lease ÷ 39

i. Base payment = 450.45

j. Sales / Use tax + 49.55

k. N/A + N/A

l. N/A + N/A

m. Total payment $ 500.00

n. Lease term in months 39

**Early Termination.** You may have to pay a substantial charge if You end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier You end the lease, the greater this charge is likely to be.

8. Excess Wear and Use. You may be charged for excessive wear based on our standards for normal use. At the scheduled end of this lease, unless You purchase the Vehicle, You must pay to Lessor $0.25 per mile for each mile in excess of 34135 miles shown on the odometer. See items 23 and 25 on back and the Wear-Care Addendum, if any, attached to this lease for additional excess wear and use terms.

9. Extra Mileage Option Credit. At the scheduled end of this lease, You will receive a credit of $0 N/A per unused mile for the number of unused miles between N/A and N/A miles, less any amounts You owe under this lease. You will not receive any credit if the Vehicle is destroyed.

If You terminate Your lease early, exercise any purchase option, are in default or the credit is less than $1.00.

10. Purchase Option at End of Lease Term. $ 30349.60 plus official fees and taxes, and a reasonable documentary fee if allowed by law, is Your lease end purchase option price. You have the option to purchase the Vehicle at the end of the lease term from a party designated by the Holder for the purchase option price if You are not in default.

11. Other Important Terms. See Your lease documents for additional information on early termination, purchase option and maintenance responsibilities, warranties, late and default charges, insurance, and any security deposits, if applicable.

12. WARRANTY. The Vehicle is covered by any warranty indicated below:
☐ Standard new vehicle warranty provided by the manufacturer or distributor of the Vehicle.
☐ N/A
   N/A

13. OFFICIAL FEES AND TAXES $ 2264.55
The estimated total amount You will pay for official and license fees, registration, title and taxes over the term of Your lease, whether included with Your monthly payments or assessed otherwise. The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the leased property at the time a fee or tax is assessed.

14. VEHICLE INSURANCE MINIMUMS You must insure the Vehicle during this lease. This insurance must be acceptable to Finance Company and protect You and Holder with (a) comprehensive fire and theft insurance with a **maximum deductible** amount of $1,000; and (b) collision and upset insurance with a **maximum deductible** of $1,000; and (c) automobile liability insurance with **minimum limits** for bodily injury or death of $ 15000.00 for any one person and $ 30000.00 for any one accident, and $ 5000.00 for property damage. You will list the Holder as additional insured and loss payee under the insurance policy unless Lessor or Finance Company specifies otherwise. You must give Finance Company evidence of this insurance. (See item 24 on back)
**LESSOR IS NOT PROVIDING VEHICLE OR LIABILITY INSURANCE**

15. OPTIONAL INSURANCE. These coverages are not required to enter into this lease and will not be provided unless You sign below. If insurance is to be obtained by Lessor, the coverages are shown in a notice given to You this date and are for the term of this lease.

a. Credit Life Insurance $ N/A   $ N/A   N/A   N/A
   (Initial Coverage) (Premium) (Insured(s))
   N/A
   (Insurance Company)
Lessee: X N/A    Co-Lessee: X N/A

b. Credit Disability Insurance $ N/A (Monthly Coverage) $ N/A (Premium)   N/A (Insured(s))
   N/A
   (Insurance Company)
Lessee: X N/A    Co-Lessee: X N/A

16. LATE PAYMENTS You will pay a late charge on each payment that is not received within 10 days after it is due. The charge is 7.5% of the full amount of the scheduled payment or $50.00 whichever is less.

17. LESSOR SERVICES   N/A
   (See item 22 on back)   N/A

18. Returned Check Charge You agree to pay a returned check charge of $ N/A for each check, draft, or other order of payment that is dishonored for any reason.

**19. Itemization of Gross Capitalized Cost**

| Agreed Upon Value of the Vehicle | Sales/Use Tax and Other Applicable Taxes | Title Fees | License and Registration Fees | Extended Warranty and Service Contract | Acquisition Fee | Documentation Fee |
|---|---|---|---|---|---|---|
| $ 45316.32 | + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ 645.00 | + $ N/A |
| N/A | N/A | N/A | N/A | N/A | N/A | Total Gross Capitalized Cost |
| + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ N/A | = $ 45961.32 |

**SIGNATURES AND IMPORTANT NOTICES**

**Important Notice:** If You do not meet Your contractual obligations, You may lose the right to lease and use the Vehicle, as well as Your security deposit.

**Modification:** This lease sets forth all of the agreements of Lessor and You for the lease of the Vehicle. There is no other agreement. Any change in this lease must be in writing and signed by You and Finance Company.

Lessee _____ By X [signature]    Title: _____
Co-Lessee _____ By X [signature]    Title: _____

**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.**

**NOTICE:** (1) Do not sign this lease before You read it or if it has any blank space to be filled in, (2) You have the right to get a filled-in copy of this lease. You acknowledge that You received a filled-in copy of this lease at the time You signed it and notice of an assignment of this lease by the Lessor to Holder.

Lessee _____ By X [signature]   Title: _____
Co-Lessee _____ By X [signature]   Title: _____

Lessor and Lessee are hereby notified that Holder has assigned to CI Exchange, in its capacity as Holder's qualified intermediary, its rights (but not its obligations) with respect to the purchase of this Vehicle and the sale of this Vehicle at lease termination. Lessor accepts this lease and assigns it to Holder under the terms of the lease plan agreement between Lessor and Holder.

Lessor: JOHN KENNEDY-FORD   By X [signature]   Title: BM

FC 10000-P (MAY 16)   SEE OTHER SIDE FOR ADDITIONAL AGREEMENTS
FC 10000-APP
Previous editions may NOT be used.

ORIGINAL.

20. [illegible] ... You will not assign or sublease any interest in the Vehicle or lease without Finance Company's written consent.

21. **IMPLIED WARRANTIES** [illegible] ... There are no such implied warranties, except as otherwise required by law.

22. **VEHICLE MAINTENANCE AND OPERATING COSTS** [illegible] ... (See Lessor Services, item 17)

23. **COLLISION REPAIR** You are responsible for repairs of **All Damage** that is not a result of normal wear and use. These repairs include, but are not limited to, those necessary to return the Vehicle to its pre-accident condition, including repairs to **Exterior Sheet Metal and Plastic Components**, and to **Vehicle Safety Systems**, including air bags, seat belt and bumper system components. Replacement of Sheet Metal and all other repairs must be made with Original Equipment Manufacturer [illegible]

24. **INSURANCE** [illegible] ... Your insurance advisor to determine if additional insurance coverage is right for You.

[illegible]

25. **RETURNED INSURANCE PREMIUMS AND SERVICE CONTRACT CHARGES** This lease may contain charges for insurance, service contracts, or other contracts. You agree that Finance Company can claim benefits under these contracts. Unless prohibited by law, Finance Company may upon default or termination cancel these contracts to obtain refunds of unearned charges. You authorize Finance Company to subtract any refund from the amount You owe under this lease. If You receive a refund, You must pay the entire amount to the Finance Company.

## ENDING YOUR LEASE

26. **TERMINATION** This lease will terminate (end) upon (a) the end of the term of this lease, (b) the return of the Vehicle to Lessor, or another place designated by Finance Company, and (c) the payment by You of all amounts owed under this lease. Finance Company may cancel this lease if You default.

27. **RETURN OF VEHICLE** If You do not buy the Vehicle at lease end, You must return it to Lessor unless Finance Company specifies another place. Prior to any scheduled return of the Vehicle, You may be requested to present the Vehicle for inspection at a reasonable time and location. **Upon return of the Vehicle, You must pay the disposition fee, if any is shown on the front of the lease under item 1 "Other Charges."** If You fail to return the Vehicle within 10 days after Your scheduled termination date, You will be charged one Monthly Payment and Your term will be extended one month. If You continue to fail to return the Vehicle You must pay damages to Finance Company, including amounts payable under default. Payment of these amounts will not allow You to keep this Vehicle.

28. **STANDARDS FOR EXCESS WEAR AND USE** You are responsible for all repairs to the Vehicle that are not the result of normal wear and use. These repairs include, but are not limited to those necessary to repair or replace: (a) **Tires** that have sidewall damage/plugs, exposed cords/belts, or are unmatched for Vehicle or unsafe; (b) **Electrical or Mechanical** defects or malfunctions; (c) **Glass, Paint, Body Panels, Trim and Grill Work** that are broken, mismatched, chipped, scratched, pitted, cracked, or if applicable, dented; (d) **Interior** rips, stains, burns or damaged areas; (e) **Replacement** of any missing equipment or parts that were in or on the Vehicle when delivered; and (f) **All Damage** which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force. Replacement of Sheet Metal and all other repairs must be made with Original Equipment Manufacturer parts. Your use or repair of the Vehicle must not invalidate any warranty. If You have not had the repairs made before the Vehicle is returned at the scheduled end of this lease, You will pay the estimated costs of such repairs, even if the repairs are not made prior to Holder's sale of the Vehicle. You will maintain the **Odometer** of the Vehicle so that it always reflects the Vehicle's actual mileage. If the odometer is at any time inoperative, You will provide us with reasonable evidence of the Vehicle's actual mileage at vehicle return. If You are unable to do so, You will pay us our estimate of any reduction of the Vehicle's wholesale value caused by the inability to determine the Vehicle's actual mileage.

29. **VOLUNTARY EARLY TERMINATION AND RETURN THE VEHICLE** [illegible]

Alternatively, [illegible]

30. **VOLUNTARY EARLY TERMINATION AND PURCHASE THE VEHICLE** You may purchase the Vehicle from the Lessor or a party designated by Finance Company at any time if You are not in default. If You have a *Monthly Payment Lease*, you must pay the following: (a) the Unpaid Adjusted Capitalized Cost, plus (b) the amount by which the lease end purchase option price (item 10) exceeds the Residual Value (item 7d), plus (c) official fees and taxes, plus (d) all other amounts then due under the lease (except charges for excess wear and use and mileage). You may also be charged a reasonable documentary fee if allowed by law. If You have an *Advance Payment Lease*, you must pay the following: (a) the lease end purchase option price (item 10) (b) any unearned Rent Charges, plus (c) official fees and taxes, plus (d) all other amounts then due under this lease (except charges for excess wear and use and mileage). You may also be charged a reasonable documentary fee if allowed by law.

31. **DEFINITION OF TERMS**
*Unpaid Adjusted Capitalized Cost* If You have a *Monthly Payment Lease*, the Unpaid Adjusted Capitalized Cost is an amount that starts with the Adjusted Capitalized Cost and is reduced each month on the due date by the difference between the Base Monthly Payment and the part of the Rent Charge earned in that month on an actuarial basis.

If You have an *Advance Payment Lease*, the Unpaid Adjusted Capitalized Cost is an amount that starts with the Adjusted Capitalized Cost less the Base Payment. This amount is increased each month on the due date by the part of the Rent Charge earned in that month on an actuarial basis.

In both cases, rent charges are earned when due. Lessor or Finance Company will provide You with an explanation of the actuarial method upon request.

*Fair Market Wholesale Value* will be: (a) an amount agreed to by You and Lessor or Finance Company, or (b) the value which could be realized at the wholesale sale of the Vehicle, as determined by a professional appraisal obtained by You at Your expense within 10 days from termination from an independent third party agreeable to Finance Company, or (c) if not established by agreement or appraisal, the amount received by Finance Company, Holder or its designated intermediary upon the sale of the Vehicle at wholesale or other commercially reasonable manner.

*Monthly Payment* If You have a *Monthly Payment Lease*, Monthly Payment is the Total Payment (item 7n). If You have an *Advance Payment Lease*, Monthly Payment is the Total Payment (item 7m) divided by the Lease Term in Months (item 7n).

*Base Monthly Payment* If You have a *Monthly Payment Lease*, Base Monthly Payment is the Base Payment (item 7i). If You have an *Advance Payment Lease*, Base Monthly Payment is the Base Payment (item 7i) divided by the Lease Term in Months (item 7n).

32. **CONTACT NUMBER FOR FINANCE COMPANY** Please contact Finance Company at the telephone number or website listed on the front of this lease if You have any questions regarding terminating Your lease or purchasing the Vehicle.

33. **YOUR ODOMETER OBLIGATIONS** Federal law requires You to complete a statement of the Vehicle's mileage at the end of the lease. You may be fined and/or imprisoned if you do not complete the disclosure or if you make a false statement.

## DEFAULT AND LOSS OF VEHICLE

34. **DEFAULT** You will be in default if: (a) You fail to make any payment when due, or (b) a bankruptcy petition is filed by or against You, or (c) any government authority seizes the Vehicle and does not promptly and unconditionally release the Vehicle to You, or (d) You have provided false or misleading material information when applying for this lease, or (e) You fail to keep any other agreement in this lease.

If You are in default, Finance Company may cancel this lease, take back the Vehicle and sell it at a public or private sale. You also give Finance Company the right to go on Your property to peacefully retake the Vehicle.

If Finance Company retakes the Vehicle, You must pay at once: (a) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the value which could be realized at the wholesale sale of the Vehicle, plus (b) any other amounts then due under the lease (except charges for excess wear and use and mileage). If You entered into an *Advance Payment Lease*, and the value which could be realized at the wholesale sale of the Vehicle exceeds the Unpaid Adjusted Capitalized Cost, You will receive a credit for the difference.

The value which could be realized at the wholesale sale of the Vehicle will be: (a) the net amount received by Finance Company, Holder or its designated intermediary upon the sale of the vehicle at wholesale or other commercially reasonable manner, or (b) as determined by a professional appraisal obtained by You at Your expense within 10 days from default, from an independent third party agreeable to Finance Company. You must also pay all expenses, including reasonable attorneys fees, payable by Finance Company to obtain, hold and sell the Vehicle, collect amounts due and enforce Holder's rights under this lease.

35. **THEFT OR DESTRUCTION OF VEHICLE** [illegible] ... insurance proceeds received by Finance Company.

*GAP Waiver* [illegible] ... mileage).

Even if the Vehicle is insured, if You have a *Monthly Payment Lease*, until Finance Company receives payment of the insurance proceeds, You agree to continue to make Your Monthly Payments. If You have an *Advance Payment Lease*, after any insurance proceeds are paid, You will receive a credit equal to the Base Monthly Payment multiplied by the number of remaining months in the Lease Term in Months, beginning with the month immediately following the date of theft or destruction.

## ADDITIONAL INFORMATION

36. **ASSIGNMENT AND ADMINISTRATION** When You and Lessor sign this lease, Lessor will assign it to Holder. Finance Company or a substitute will administer this lease. You must then pay, in U.S. funds, all amounts due under this lease to Finance Company. If Finance Company is not the Holder of this lease, Holder has appointed Finance Company as its agent. As agent for Holder, Finance Company has the power to act on Holder's behalf to administer, enforce, and defend this lease. If Lessor has agreed to repair or maintain the Vehicle, obtain any insurance or perform any other service, You will look only to the Lessor for these services.

37. **TAXES** You will promptly pay all fees, charges, and taxes relating to the lease or Vehicle (except for Lessor's or Lessor's income taxes). You will pay these amounts even if they are assessed after lease end.

38. **TITLING** The Vehicle will be titled in the name of Holder. There may be a lienholder listed as well. You will register the Vehicle as directed by Finance Company. You will pay all license, title and registration costs.

39. **INDEMNITY** You will indemnify and hold harmless Lessor, Finance Company and Holder and their assigns from any loss or damage to the Vehicle and its contents and from all claims, losses, injuries, expenses and costs related to the use, maintenance, or condition of the Vehicle. You are responsible for promptly paying all fines and tickets, including parking tickets, imposed on the Vehicle or its driver. If both a Lessee and Co-Lessee signed this lease, each party is jointly and severally liable for the payment of these fines and tickets. If You do not pay, You will reimburse Finance Company and pay a $20 administration fee, unless prohibited by law, for every such fee, ticket, or penalty that must be paid on Your behalf.

40. **SECURITY DEPOSIT** Your security deposit may be used by Finance Company to pay all amounts that You fail to pay under this Lease. You will not receive any interest, profits or other earnings on Your security deposit(s).

41. **CONSUMER REPORTS** You authorize Finance Company and Holder to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this lease.

42. **SERVICING AND COLLECTION** [illegible] ... number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

43. **GENERAL** Except as otherwise provided by the law of the state where You reside, the law that will apply to this lease is the law of the state where the Lessor's place of business is, as set forth on the front of the lease. If that law does not allow any of the agreements in this lease, the ones that are not allowed will be void. The rest of this lease will still be valid.

## READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY

## ARBITRATION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. [illegible]

**RIGHTS YOU AND WE AGREE TO GIVE UP**
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:

- **RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY**
- **RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION**
- **BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT**
- **RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR**
- **OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT**

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the ownership interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, www.adr.org, or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting [illegible]

Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. [illegible]

**Mileage and Condition Information**

| Customer 1 - Name and Address (Including County) |
|---|
| FREDERICK W REPETSKY JR   KIMBERLY L REPETSKY<br>8128 RIDGE AVE<br>PHILADELPHIA PA 19128 |

| Customer 2 - Name and Address (Including County) |
|---|
| JOHN KENNEDY FORD/MAZDA<br>1403 RIDGE PIKE<br>CONSHOHOCKEN PA 19428 |

Dealer - Name and Address

| Year/Make/Model | Vehicle Identification Number | Mileage | Term (mo.) |
|---|---|---|---|
| 2019 FORD TRUCK F-150 SERI | 1FTEW1EP2KFA91188 | 10 | 39 |

**Mileage Option Selection.** This section is informational and is designed to help clarify the many mileage options available. You have reviewed all options and determined that the mileage allowance per year checked below best meets your driving needs.

- ☐ 7,500 miles per year (Lincoln Lease vehicles only)
- ☒ 10,500 miles per year
- ☐ 12,000 miles per year
- ☐ 13,500 miles per year
- ☐ 15,000 miles per year
- ☐ 16,500 miles per year
- ☐ 18,000 miles per year
- ☐ 19,500 miles per year  (Additional miles may have been purchased with this option)

The average miles driven per year on your previous vehicle was _____.

FOR USE WITH DEMONSTRATOR AND SERVICE LOANER VEHICLES ONLY

**Demonstrator/Service Loaner Vehicle Condition Information.** Your initials below certify you understand the vehicle described above has been used or operated as a demonstrator or service loaner vehicle. You also certify that you have completed an inspection of the vehicle and are satisfied with the like-new condition. _____
(Customer 1 / Customer 2 Initials)

Customer 1: [signature]   Date:
Customer 2: [signature]   Date: 03/18/19
Dealer: [signature]   Date: 03/18/19

FC-18864   Nov 16

03/18/19

ORIGINAL

# COMMONWEALTH OF PENNSYLVANIA
## CERTIFICATE OF TITLE FOR A VEHICLE

540

FUEL TYPE: GASOLINE

190939999001040-001

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE OF VEHICLE | TITLE NUMBER |
|---|---|---|---|
| 1FTEW1EP2KFA91188 | 2019 | FORD | 80245646901 CA |

| BODY TYPE | DUP | SEAT CAP | PRIOR TITLE STATE | ODOM PROCD DATE | ODOM. MILES | ODOM STATUS |
|---|---|---|---|---|---|---|
| TK | 0 | | | 4/01/19 | 000010 | 0 |

| DATE PA TITLED | DATE OF ISSUE | UNLADEN WEIGHT | GVWR | GCWR | TITLE BRANDS |
|---|---|---|---|---|---|
| 4/01/19 | 4/01/19 | 4,699 | 6,600 | | |

**ODOMETER STATUS**
0 – ACTUAL MILEAGE
1 – MILEAGE EXCEEDS THE MECHANICAL LIMITS
2 – NOT THE ACTUAL MILEAGE
3 – NOT THE ACTUAL MILEAGE-ODOMETER TAMPERING VERIFIED
4 – EXEMPT FROM ODOMETER DISCLOSURE

**TITLE BRANDS**
A – ANTIQUE VEHICLE
C – CLASSIC VEHICLE
D – COLLECTIBLE VEHICLE
F – OUT OF COUNTRY
G – ORIGINALLY MFGD FOR NON-U.S. DISTRIBUTION
H – AGRICULTURAL VEHICLE
L – LOGGING VEHICLE
P – IS/WAS A POLICE VEHICLE
R – RECONSTRUCTED
S – STREET ROD
T – RECOVERED THEFT VEHICLE
V – VEHICLE CONTAINS REISSUED VIN
W – FLOOD VEHICLE
X – IS/WAS A TAXI

REGISTERED OWNER(S)

CAB EAST LLC
2975 BRECKINRIDGE BLVD
ATLANTA GA 30096

FIRST LIEN FAVOR OF

HTD LEASING LLC

SECOND LIEN FAVOR OF

FIRST LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED REPRESENTATIVE

MAILING ADDRESS

HTD LEASING LLC
PO BOX 105704
ATLANTA GA 30348

SECOND LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED REPRESENTATIVE

**pennsylvania**
DEPARTMENT OF TRANSPORTATION

LESLIE S. RICHARDS
Secretary of Transportation

I certify as of the date of issue the official records of the Pennsylvania Department of Transportation reflect that the person(s) or company named hereon is the lawful owner of the said vehicle.

## D. APPLICATION FOR TITLE AND LIEN INFORMATION

TO BE COMPLETED BY PURCHASER WHEN VEHICLE IS SOLD AND THE APPROPRIATE SECTIONS ON THE REVERSE SIDE OF THIS DOCUMENT ARE COMPLETED

SUBSCRIBED AND SWORN TO BEFORE ME     MO    DAY    YEAR

If a co-purchaser other than your spouse is listed and you want the title to be listed as "Joint Tenants With Right of Survivorship" (on death of one owner, title goes to surviving owner) CHECK HERE ☐. Otherwise, the title will be issued as "Tenants In Common" (on death of one owner, interest of deceased owner goes to his/her heirs or estate).

SIGNATURE OF PERSON ADMINISTERING OATH

SIGN IN PRESENCE OF A NOTARY

IF NO LIEN, CHECK ☐  IS THIS AN ELT? (IF YES, FIN REQUIRED) YES ☐ NO ☐

1ST LIENHOLDER FINANCIAL INSTITUTION NUMBER:

1ST LIENHOLDER NAME

STREET

CITY                    STATE          ZIP

IF NO 2ND LIEN, CHECK ☐ IS THIS AN ELT? (IF YES, FIN REQUIRED) YES ☐ NO ☐

2ND LIENHOLDER FINANCIAL INSTITUTION NUMBER

2ND LIENHOLDER NAME

SIGNATURE OF APPLICANT OR AUTHORIZED SIGNER

STREET

SIGNATURE OF CO-APPLICANT/TITLE OF AUTHORIZED SIGNER

CITY                    STATE          ZIP

**STORE IN A SAFE PLACE - IF LOST APPLY FOR A DUPLICATE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE**

73946634